

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-76,670-06

### EX PARTE LAMAR LOVETT, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. D-1-DC-10-904094-C IN THE 299TH DISTRICT COURT FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of attempted capital murder, one count of aggravated assault, and two counts of aggravated sexual assault. He was sentenced to seventy, twenty, and fifty years' imprisonment respectively. The Third Court of Appeals affirmed his conviction. *Lovett v. State*, 03-10-00865-CR (Tex. App.–Austin Aug. 1, 2012).

Applicant contends, among other things, that his conviction for aggravated assault violates

the double jeopardy clause of the Constitution and that his trial counsel rendered ineffective assistance by failing to investigate and present evidence of his mental health issues. After this Court received the application, the trial court signed an order designating issues. It appears that the trial court needs more time to investigate and enter findings regarding Applicant's claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether Applicant's conviction for both attempted capital murder and aggravated assault were based on the same actions and violate the double jeopardy clause of the Constitution. The trial court shall make findings as to whether Applicant's counsel investigated Applicant's mental health history and whether he had any reason to believe that it would benefit Applicant to request a competency examination prior to trial. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 19, 2014
Do not publish